UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR LUIS MARTINEZ, III,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:24-cv-01256-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 14) |

      Pending before the Court is the stipulated request of Plaintiff Amador Luis Martinez, III ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $2,000.00 to counsel for Plaintiff, Steven Gilbert Rosales.[1]  (Doc. 14).

      The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Steven Gilbert Rosales.  *Id*. at 2.

      On December 18, 2024, the Court granted the parties' stipulated motion for voluntary

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 9).

1

1  remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the
2  Commissioner for further proceedings. (Doc. 12). Judgment was entered the same day. (Doc.
3  13). On March 7, 2025, Plaintiff filed the pending stipulation for attorney fees as a prevailing
4  party. (Doc. 14). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a
5  party who prevails with a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing
6  party). Plaintiff's filing is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The
7  Commissioner does not oppose the requested relief. *Id.*

8  The EAJA provides for an award of attorney fees to private litigants who both prevail in
9  civil actions (other than tort) against the United States and timely file a petition for fees. 28
10 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing
11 party unless it finds the government's position was "substantially justified or that special
12 circumstances make such an award unjust." *Id*. Here, the government did not show its position
13 was substantially justified and the Court finds there are not special circumstances that would
14 make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated
15 request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal.
16 Jan. 23, 2018) (finding position of the government was not substantially justified in view of the
17 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
18 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

19 Plaintiff requests an award of $2,000.00 in EAJA fees. (Doc. 14). The Ninth Circuit
20 maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for
21 increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-
22 77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the most recent published
23 maximum rate,[2] the requested award would amount to approximately eight hours of attorney
24 time (not accounting for any paralegal time expended). The Court finds this reasonable and
25 commensurate with the number of hours an attorney would need to have spent reviewing the
26 certified administrative record in this case (approximately 1,659 pages; Doc. 10) and obtaining

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 10, 2025).

1  stipulations for voluntary remand and for the award of EAJA fees. (Docs. 11, 14). With
2  respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the
3  case for further proceedings. (Docs. 12, 13).

4  EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury
5  Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the
6  Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not
7  subject to any offset allowed under the TOP, the fees shall be delivered or otherwise
8  transmitted to Plaintiff's counsel.[3]

9  Accordingly, it is HEREBY ORDERED:

10  1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 14) is
11     GRANTED; and
12  2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees
13     in the amount of $2,000.00, pursuant to the terms set forth in the parties' stipulation.
14     (Doc. 14). Fees shall be made payable to Plaintiff, but if the Department of the
15     Treasury determines that Plaintiff does not owe a federal debt, then the government
16     shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's
17     counsel, as set forth in the stipulation.

18  IT IS SO ORDERED.

19  Dated: __March 10, 2025__                     _____
20                                                UNITED STATES MAGISTRATE JUDGE

---

[3] The parties' stipulation provides that they do not stipulate whether "counsel for the by [Client-Last Name] has a cognizable lien" in this respect (Doc. 14 at n.1); the Court presumes this language constitutes an inadvertent drafting error.

3